UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Grace, #11996-021, | C/A No. 4:08-2490-HFF-TER |
| Petitioner, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Federal Bureau of Prisons; John LaManna, Warden of FCI Edgefield, | |
| Respondent. | |

Petitioner, Gregory Grace ("petitioner/Grace"), is currently incarcerated at the Prison Camp located at the Federal Correctional Institution in Edgefield, South Carolina. On July 11, 2008, petitioner appearing pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks a "judicial determination" that the Federal Bureau of Prisons (BOP) determination that a 2-Point gun enhancement by itself does not make an inmate ineligible for a sentence reduction pursuant to Title 18 U.S.C. § 3621(e) is incorrect. (Petition).[2]

On October 8, 2009, respondent filed a motion to deny the habeas petition along with a return and memorandum. (Doc. #9). The undersigned issued an order filed October 8, 2008, pursuant

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] Therefore, petitioner is asking that the court make a judicial determination that the BOP's determination that he is not eligible for the early release benefit pursuant to 18 U.S.C.§ 3621(e)(2)(B), should he successfully complete the Residential Drug Abuse Program ("RDAP"), is incorrect.

to Roseboro v. Garrison, 528 F.2d 309 (4h Cir.1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response and a motion for judgment on the pleadings on October 17, 2008. (Doc.#14).

## FACTUAL BACKGROUND/ARGUMENT

Petitioner is serving a 91-month term of incarceration imposed by the United States District Court for the Southern District of Georgia for violations of 21 U.S.C. §846 (Conspiracy to distribute and possession with intent to distribute over five kilograms of cocaine hydrochloride). It is anticipated that petitioner will be released from his current term on June 6, 2011. (Resp. Exhibit B, SENTRY Sentence Computation).

Petitioner seeks a judicial determination that the BOP is incorrect in advising him that he is not entitled to the early release benefits of the RDAP due to the fact that he was in possession of a weapon during his drug offense and received a two-point enhancement during his sentencing. Petitioner does not assert that he has applied for eligibility for the program or that he has received eligibility and completed the RDAP.

## DISCUSSION

A review of the record indicates that this action is not justiciable as it is not ripe for the court's review.

Based on petitioner's pleadings, petitioner anticipates that if he completes the RDAP[3] the

---

[3] The RDAP is an intensive 500-hour program of drug treatment that takes place in a residential setting apart from the general prison population. 28 C.F.R. 550.56. There are a variety of incentives available to inmates who complete the RDAP, including possible consideration for

2

respondent will not give him early release credit which would expedite his anticipated release date. Plaintiff's claim will not be ripe for federal judicial review until he completes the RDAP and denied early release credits. See, e.g., Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Cf. Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (for a plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions).

In this action, petitioner's grounds for relief are not ripe because he has not successfully completed the RDAP, which is a prerequisite to being considered for early release. Petitioner's eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. §3621(e)(2)(B), are future uncertainties. In fact, respondents assert, and petitioner has not denied, that he has not even been evaluated for eligibility for the RDAP. Thus, petitioner has not completed the program and has not been formally denied any benefits of the program.

Since petitioner's action is not ripe because he has not successfully completed the RDAP, there is no controversy over petitioner's eligibility for early release credits. Therefore, the length of petitioner's imprisonment would be unaffected by the dismissal of this petition without prejudice. Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) (a case is ready for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on further uncertainties." )

The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in

---

early release pursuant to 18 U.S.C. §3621(e)(2)(B).

abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985); *See also*, Miller v. Brown, supra. Ripeness becomes an issue in a case "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406(1998) (*citing* Thomas v. Union Carbide Agricultural Products Co., supra.). *See also*, Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission, 461 U.S. 190, 200-201, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981). As plaintiff has neither participated in nor successfully completed the RDAP, no case or controversy currently exists.[4] If petitioner decides to participate in and completes the RDAP and then is denied early release credits, petitioner can bring a new civil action in this Court.

In petitioner's response in opposition, he argues that respondents have stated that he would not be entitled to early release for completion of the RDAP due to the fact that he was in possession of a weapon during his drug offense. It appears petitioner is attempting to argue that because he has been advised that he is not eligible for early release benefit of completing the RDAP due to the offense of conviction, which includes a two-level enhancement for possession of a weapon, the issue is ripe for adjudication. However, petitioner is asking this Court to decide whether he is eligible for a reduction of sentence **if** he completes the RDAP. Accordingly, this is a hypothetical

---

[4] While in some circumstances the likelihood of the contingency occurring may give rise to jurisdiction, the circumstances of this case do not fit into that category. See 10B Charles Alan Wright, Arthur R. Miller& Mary Kay Kane, Federal Practice and Procedure 3d § 2757, (1998). In the instant case, there are multiple contingencies: (1) that petitioner will apply and be enrolled in the RDAP, (2) that he will successfully complete the 500 hour program, and (3) that he will apply for and be denied early release credits.

that the Court may not answer and it is recommended that this action be dismissed without prejudice.

## CONCLUSION

Based on the aforementioned reasons, it is RECOMMENDED that the Court find this matter is not ripe for adjudication and dismiss the petition without prejudice.

Therefore, it is RECOMMENDED that respondent's motion to deny and dismiss the petition be granted in part and denied in part in that it is recommended that the petition be dismissed but without prejudice.

It is further RECOMMENDED that petitioner's motion for judgment on the pleadings be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 20, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**