

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY GRACE,<br>    Petitioner,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS;<br>JOHN LAMANNA, Warden of FCI Edgefield,<br>    Respondents. | CIVIL ACTION NO. 4:08-2490-HFF-TER |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion to deny and dismiss the petition be granted in part and denied in part in that he recommends that the petition be dismissed, but without prejudice. The Magistrate Judge further recommends that Petitioner's motion for judgment on the pleadings be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2009,  and the Clerk of Court entered Petitioner's objections to the Report on August 3, 2009.  The Court has considered Petitioner's objections, but finds them to be without merit.

Simply stated, and as observed by the Magistrate Judge,

> In this action, [P]etitioner's grounds for relief are not ripe . . . . Petitioner's eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. §3621(e)(2)(B), are future uncertainties.  In fact, [R]espondents assert, and [P]etitioner has not denied, that he has not even been evaluated for eligibility for the RDAP.  Thus, [P]etitioner has not completed the program and has not been formally denied any benefits of the program.

(Report 3.)

Contrary to Petitioner's assertions to the contrary, on the question of ripeness, *Lopez* v. *Davis*, 531 U.S. 230 (2001), is distinguishable.

> *While incarcerated, Lopez requested substance abuse treatment. The Bureau found him qualified for its residential drug abuse program*, but categorically ineligible, under 28 CFR § 550.58(a)(1)(vi), for early release.
>
> When notified that he would not be a candidate for early release, Lopez challenged the BOP's determination by filing a petition for a writ of habeas corpus, under 28 U.S.C. § 2241, in the United States District Court for the District of South Dakota.

*Lopez v. Davis*,531 U.S. 230, 236 (2001) (footnote and citation to the record omitted) (emphasis added).

But, as noted by the Magistrate Judge, in the case at bar,  "Petitioner does not assert that he was applied for eligibility for the program or that he has received eligibility and completed the

2

RDAP." (Report 2.) Instead, the Court is presented with the uncertainties that (1) Petitioner will apply for the RDAP; (2) Petitioner will be found qualified; (2) Petitioner will enroll in the RDAP; (3) Petitioner will successfully complete the program; (4) Petitioner will apply for early release credits; and (5) Petitioner will be denied early release credits. Given these uncertainties, it is the opinion of this Court that this action is not yet ripe for adjudication. *See Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.")

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondents' motion to deny and dismiss the petition be **GRANTED IN PART AND DENIED IN PART** in that the petition is **DISMISSED** *without prejudice*. Moreover, Petitioner's motion for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of August, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.